Filed 10/24/22  P. v. Nunez CA2/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DANIEL ISIDRO NUNEZ,<br><br>　　　Defendant and Appellant. | B299065<br><br>(Los Angeles County<br>Super. Ct. No. YA068856)<br><br>**OPINION ON REMAND** |

　　　APPEAL from an order of the Superior Court of Los Angeles County.  Hector M. Guzman, Judge.  Reversed and remanded with directions.

　　　Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.

_____

Daniel Isidro Nunez appealed the summary denial of his petition for resentencing under Penal Code[1] section 1172.6.[2]  In a published decision filed November 3, 2020, we affirmed, holding that the superior court may, without the appointment of counsel, summarily deny a section 1172.6 petition at the initial prima facie review on the ground that a defendant convicted of murder with a felony-murder special-circumstance finding (§ 190.2, subd. (a)(17)) is not, as a matter of law, eligible for resentencing under section 1172.6.  (*People v. Nunez* (Nov. 3, 2020, B299065) (*Nunez*).)  We further held that a section 1172.6 petition is not a vehicle for challenging, under our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, a murder conviction by attacking the jury's prior factual finding that the defendant was a major participant who acted with reckless indifference to human life.  (*Nunez, supra*, B299065.)

The California Supreme Court granted review and deferred further action pending consideration and disposition of related issues in *People v. Lewis*, S260598, and *People v. Strong*, S266606.  On September 28, 2022, the California Supreme Court transferred the case back to this court with directions to vacate our prior decision and reconsider in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).  The previously published opinion (*Nunez, supra*, B200065) was ordered depublished.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

## DISCUSSION

The Attorney General acknowledges that respondent's previous arguments in *Nunez* were the same arguments presented to, and rejected by, the high court in *Strong*. For this reason, respondent concedes the matter should be remanded for the trial court to issue an order to show cause and conduct an evidentiary hearing wherein relief should be denied if the prosecution proves "beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

We agree. Upon reconsideration of the cause in light of *Strong*, *supra*, 13 Cal.5th 698, and *Lewis*, *supra*, 11 Cal.5th 952, we conclude that the superior court erred in failing to appoint counsel and summarily denying appellant's petition under section 1172.6. We therefore remand the matter for appointment of counsel, the issuance of an order to show cause, and further proceedings in accordance with section 1172.6, subdivision (d).

## DISPOSITION

It is ordered that the previous opinion and decision filed in this case on November 3, 2020, is vacated. The matter is remanded for appointment of counsel, the issuance of an order to show cause, and further proceedings in accordance with Penal Code section 1172.6, subdivision (d).

NOT TO BE PUBLISHED.


                                    LUI, P. J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

4